IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | | |
|---|---|---|
| DELANO D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:14-cv-01815-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MULTNOMAH COUNTY, et al. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**JONES, Judge:**

    Plaintiff Delano Davis, acting pro se, brought this action under 42 U.S.C. § 1983 alleging that defendants violated his civil rights by using excessive force while booking him and by depriving him of medical care during his incarceration.    Davis seeks special damages, compensatory damages, punitive damages, a mandatory injunction, and the fees and costs of litigation. In an order issued February 8, 2016, the court dismissed several defendants because Davis failed to serve them, including the Multnomah County Sheriff's Office, the Oregon Department of Corrections, and all John Does. [Doc #40]  The remaining defendants now move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and ask the court to dismiss all of Davis's claims. [Doc #35].  For the following reasons, defendants' motion is GRANTED.

-1- OPINION & ORDER

## BACKGROUND

On March 10, 2014, Gresham Police Officers arrested Davis for weapons charges and menacing, and transported him to the Multnomah County Detention Center ("MCDC"). [Doc #37-1]   At the time of his arrest, Davis possessed a short barreled rifle, glass pipes with methamphetamine residue, and ammunition.   He was verbally hostile toward the arresting officers and provided a false name.   At MCDC, Davis reportedly became combative and had to be restrained by multiple deputies while he was searched.   Officers then placed him in an isolation cell. [Doc #37-1 at 3]

On March 11, 2014, a Community Health Nurse interviewed Davis in the isolation cell. Davis told her that he had no medical problems and that he was able to advocate for himself. [Doc #36-2 at 2]  Davis did not report any medical issue or request medical services until May 14, 2014, when he complained of pain on the right side of his body and a MCDC nurse treated him with ibuprofen. [Doc #36-2 at 2] The next day, Davis complained that the pain had worsened, reporting "Severe Rt back, neck, shoulder & rib pain since 5/14/14.  Do not bump!" Davis told the nurse he "[did] not have any idea what could be causing the discomfort." [Doc #36-2 at 3]  On May 17, 2014, Davis first claimed that his right-sided pain started "a few days after coming to jail" when he was "taken to the ground by police" and landed on his right side. [Doc #36-2 at 5]

On May 19, 2014, Davis told an examining doctor that when he first came to jail, officers had slammed him to the ground on his right side while handcuffed.  He said the pain in his low back and neck had started three to four days before speaking with the doctor.  [Doc #36-2 at 5] Davis also complained of difficulty with bowel and bladder control, but the doctor concluded

-2- OPINION & ORDER

that the objective findings were inconsistent with Davis's alleged symptoms. [Doc #36-2 at 6] The doctor treated Davis with Tylenol and Flexeril. [Doc #36-2 at 6] There is no evidence that Davis sought further medical treatment from MCDC.

Davis sets forth two claims under 42 U.S.C. § 1983. First, he alleges that Multnomah County correctional officers, including Deputy Rosa and Sergeant Shaut who he named as defendants, used excessive force against him during the booking process, and did so in accordance with the official policy, custom, and practice of Defendant Multnomah County. Second, Davis alleges that Defendant Multnomah County and unnamed MCDC medical personnel were deliberately indifferent to his medical needs resulting from the excessive force used against him.

In their motion for summary judgment defendants contend:

(1) The court must dismiss Davis's claims under section 1983 because Davis failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a);

(2) The court must dismiss claims against defendants Sergeant Shaut and Deputy Rosa because Davis presented no factual basis from which to infer that they participated in the alleged use of force against him;

(3) The court must dismiss claims against Multnomah County because Davis does not allege that the County itself caused a constitutional violation, the County cannot be liable in an action under 42 U.S.C. § 1983 based on a theory of *respondeat superior* for the actions of its deputies, and the undisputed facts show that Multnomah County's policies, procedures, and practices did not violate Plaintiff's civil rights.

## LEGAL STANDARD

The district court should grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir. 1989). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. *T.W. Elec. Serv. v. Pacific Elec. Contractors*, 809 F.2d 626, 631 (9th Cir. 1987). Inferences drawn from facts are viewed in the light most favorable to the non-moving party. *T.W. Elec. Serv.*, 809 F.2d at 630–31.

## DISCUSSION

### I.    Exhaustion of Remedies

The PLRA requires a prisoner to exhaust available administrative remedies before commencing an action under section 1983:

> [n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Its terms are unambiguous. A prisoner cannot bring a claim into court before exhausting all available remedies. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Porter v. Nussle,* 534 U.S. 516,

524 (2002). Exhaustion is a mandatory prerequisite and not a discretionary matter for the court. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones v. Bock,* 549 U.S. at 204. The defendant has the burden to prove that there was an available administrative remedy which the prisoner failed to exhaust. *Albino v. Baca,* 747 F.3d 1162, 1172 (9th Cir. 2014). Once the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo,* 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted). The ultimate burden of proof rests with the defendant. *Williams*, 775 F.3d at 1191.

At all times relevant to Davis's claims, Multnomah County had a grievance process in place allowing inmates at MCDC to address complaints about the conditions of their confinement. The process is explained in an Inmate Manual available to all inmates at MCDC. [Doc #37 at 3; Doc # 37-5 at 7-9]. At all relevant times, Multnomah County Corrections Health had in place a similar Grievance Mechanism for Health Complaints, allowing inmates at MCDC to address complaints about health services. This process is also explained in the Inmate Manual. [Doc #36 at 3; Doc #36-1 at 12-16] Furthermore, the record shows that Davis understood and used the grievance process for other unrelated complaints. [Doc #37-4] Davis's grievance log shows, however, that he filed no grievance regarding either the alleged use of force against him or the alleged failure to provide health services at any time during the incarceration at MCDC that began on March 10, 2014. [Doc #37-4]

-5- OPINION & ORDER

Davis appears to argue that he could not exhaust administrative remedies because defendants withheld the identity of the John Doe defendants who allegedly used excessive force against him. [Doc #48 at 7] This argument cannot be sustained because defendants provided Davis with the discovery he requested and because the MCDC grievance procedure does not require an inmate to state the name of an alleged violator of his rights when submitting a grievance. [Doc #37-5 at 7-9] Generally, a grievance is sufficient if it contains enough information to alert the prison to the nature of the wrong for which redress is sought. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Here there is no issue regarding the sufficiency of Davis's grievance because he simply failed to utilize the grievance procedure at all. Accordingly, Davis failed to satisfy the exhaustion requirement of the PLRA and his claims must be dismissed.

## II.    Defendants Shaut and Rosa

Davis named MCDC Sergeant Shaut and Deputy Rosa in the caption of his amended complaint. [Doc #1 at 1] He did not make specific allegations against them, however. [Doc #1] During his deposition, Davis conceded that defendant Shaut had done nothing physical during the alleged use of force against him on March 10, 2014. [Doc #38-2 at 7] He said that defendant Rosa did not do anything and conceded that he could not see her during the alleged use of force, but that she was present and assisted other officers who were "wrassling [him] down." [Doc #38-2 at 4-6] The MCDC roster of employees for the shift during which Davis was booked into MCDC and allegedly subjected to excessive use of force shows that neither defendant Shaut nor defendant Rosa worked during that shift. [Doc #37-3] Accordingly, Davis has failed to present any issue of material fact to be resolved at trial regarding the participation of defendants Shaut or

Rosa in the alleged use of force against him.    The claims against Shaut and Rosa must be dismissed.

### III.    Defendant Multnomah County

Multnomah County cannot be liable in an action under 42 U.S.C. § 1983 based on the actions of deputies who used force against Davis or on the actions of personnel who allegedly failed to provide medical services. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978) (no *respondeat superior* liability under section 1983); *Canton v. Harris*, 489 U.S. 378, 388 (1989) (same).

Multnomah County can be liable for alleged excessive use of force in an action under section 1983 only if Davis shows that the county itself caused the constitutional violation through its policy or custom or widespread practice. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403-404 (1997).    Undisputed evidence shows that the Multnomah County Corrections Division Operational Policy and Procedures Manual includes guidelines for using force, documenting its use, and reviewing all use of force incidents. [Doc #37-7] These guidelines prohibit the use of excessive force, and authorize physical force only when and to the extent it is necessary to maintain order and security in the facility.    [Doc #37-7 at 3-4] In addition, Multnomah County's policy and procedures require corrections personnel to participate in annual continuing in-service training including training in the appropriate use of force. [Doc #37-8]

In light of this evidence of Multnomah County's policy, Davis must designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. at 322–23.    Davis failed to present evidence of a policy statement, ordinance, regulation, decision, practice, or custom under which

Multnomah County authorized or encouraged or condoned the excessive use of force by corrections personnel.   Davis had adequate time to obtain evidence from defendants regarding MCDC policies, customs, and procedures regarding the use of force as well as any historical record of use of force incidents at MCDC.   Davis has simply failed to present a genuine issue of material fact regarding the role Multnomah County's policies, procedures, or customs played in the alleged excessive use of force against him in March 2014.

Multnomah County can be liable for the alleged deliberate indifference to Davis's medical needs if Davis can prove that the County acted with deliberate indifference by promulgating or failing to promulgate certain policies or procedures which in turn caused his injury.   *Gibson v. Cty of Washoe*, 290 F.3d 1175, 1184 (9th Cir. 2002).   To show deliberate indifference, Davis must show that the County disregarded a known or obvious consequence of its actions.   *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011).   Thus, Davis must show that the county (1) had a policy that posed a substantial risk of serious harm; and (2) knew that its policy posed this risk.   *Gibson*, 290 F.3d at 1188.

Undisputed evidence shows that Multnomah County has a policy described in the Corrections Health Administrative Manual under which all inmates have the opportunity to request health care on a daily basis.   The policy provides for treatment on a timely basis, in a clinical setting, by qualified medical professionals.   [Doc #36-1] Undisputed evidence also shows that MCDC Corrections Health personnel acted in accordance with this policy by providing Davis with medical services when he requested them. [Doc #38-1]

Davis has not come forward to designate facts showing a factual issue regarding Multnomah County's corrections health policies or procedures.   Despite ample time to seek

-8- OPINION & ORDER

discovery from defendants, Davis has simply failed to provide any evidence of deliberate indifference to his medical needs.

## CONCLUSION

For all the foregoing reasons, Defendants' motion for summary judgement[Doc #35] is GRANTED.  Any remaining pending motions are DENIED as moot.

IT IS SO ORDERED

DATED this _16th_ day of May, 2016.

_____
Robert E. Jones
United States District Judge